UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION    CIV - UNGARO - BENAGES

00 - 6100

DEBORAH KIRBY,

      Plaintiff,

vs.    CASE NO.    MAGISTRATE JUDGE
BROWN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS/MOTION TO STRIKE PUNITIVE DAMAGES

    COMES NOW the Defendant, State Farm Mutual Automobile Insurance Company

("State Farm"), by and through its undersigned counsel, and files this its Memorandum of

Law in Support of its Motion to Dismiss for Failure to State a Cause of Action and Motion

to Strike Punitive Damages, and as grounds states as follows.

I.    **FACTS**

    Plaintiff filed a Complaint alleging that State Farm committed statutory bad faith

pursuant to Section 624.155, Florida Statute, by refusing to settle with the Plaintiff on the

grounds that her injuries were not caused by the automobile accident in question.  The

Plaintiff was allegedly injured in an automobile accident involving an underinsured motorist,

on or about April 8, 1994.  Plaintiff alleges business practices on the part of State Farm

which allegedly constitute bad faith justifying punitive damages for the Plaintiff.

    Plaintiff's Count II seeks punitive damages in excess of Twenty Million Dollars

($20,000,000.00).



In response to the Plaintiffs' Complaint, Liberty Mutual has filed a Motion to Dismiss the Complaint for Failure to State a Cause of Action/Motion to Strike Claim for Punitive Damages. The Motion to Dismiss is based upon Plaintiff's failure to allege that Plaintiff has prevailed in a breach of contract action against State Farm, a necessary prerequisite to a cause of action for bad faith. The Motion to Strike Punitive Damages is based upon Florida law's requirement that a claim for punitive damages may be asserted only with leave of Court after a reasonable showing by evidence in the record providing a reasonable basis for recovery of such damages. The record contains no such evidence at this time.

## II.   LEGAL ARGUMENT

### A.   Plaintiff's Bad Faith Cause of Action Must Be Dismissed

#### 1.   A Bad Faith Cause of Action Has Not Accrued
####      to the Plaintiff.

An insured does not possess a bad faith cause of action against an insurance company unless, and until, the insured prevails on an underlying breach of contract suit against the insurance company. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991); State Farm Mut. Auto. Ins. Co. v. Cook, 24 Fla. L. Weekly D2560 (Fla. 2d DCA 1999); Allstate Ins. Co. v. Baughman, 741 So. 2d 624 (Fla. 2d DCA 1999); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So. 2d 1368 (Fla. 2d DCA 1991); General Star Indem. Co. v. Anheuser-Busch Co., Inc., 741 So. 2d 1259 (Fla. 5th DCA 1999); Doan v. John Hancock Mut. Life Ins. Co., 727 So. 2d 400 (Fla. 3d DCA 1999).

In Blanchard, the insureds sued their insurer for failure to pay under uninsured motorist coverage. Blanchard, 575 So. 2d at 1290. The jury awarded judgment in favor of the plaintiffs. Id. The insureds then brought suit in federal court alleging bad faith under

the applicable Florida Statutes.  Id.  The insurer moved to dismiss the bad faith case,

alleging that the bad faith cause of action should have been raised in the breach of

contract suit.  Id.  The United States District Court for the Middle District of Florida granted

the motion.  Id.  On appeal, the Eleventh Circuit Court of Appeals certified the following

question to the Florida Supreme Court:

> Does an insured's claim against an uninsured motorist carrier
> under section 624.155(1)(b)(1)., Florida Statutes, for allegedly
> failing to settle the uninsured motorist claim in good faith
> accrue before the conclusion of the underlying litigation for the
> contractual uninsured motorist insurance benefits?

Id. at 1290.

The Florida Supreme Court answered the certified question "in the negative."  Id.

at 1291.  The Court stated that "an insured's claim against an uninsured motorist carrier

for failing to settle the claim in good faith does not accrue before the conclusion of the

underlying litigation for the contractual . . . benefits."  Id.

The Second District Court of Appeal has followed Blanchard in two recent decisions:

State Farm Mut. Auto. Ins. Co. v. Cook, 24 Fla. L. Weekly D2560 (Fla. 2d DCA

November 10, 1999) and Allstate Ins. Co. v. Baughman, 741 So. 2d 624 (Fla. 2d DCA

1999).  In both cases, trial courts denied insurers' motions to dismiss and/or stay bad faith

claims.  Id. In both cases, the Second District, relying on Blanchard, quashed the decisions

of the lower courts, and held that the insurers' motions should have been granted.  Id.

As evidenced by the preceding, Florida law states that an insured cannot bring a

bad faith cause of action unless, and until, the insured prevails on a breach of contract

cause of action against the insurer.  Therefore, in the case at hand, the Plaintiff must

specifically allege that she has prevailed on a breach of contract claim before any bad faith

cause of action will accrue in her favor. Thus, because a bad faith claim has not accrued, the Plaintiff's Complaint must be dismissed.

### B.    Plaintiff's Claim for Punitive Damages must be stricken.

The references to punitive damages in the Complaint are insufficient because Plaintiff has failed to provide evidentiary support in the record or through proffer as required under Florida Substantive law. Florida law sets forth the substantive requirements needed to assert a cause of action for punitive damages under Florida Statute §768.72. This statute states in pertinent part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a *reasonable showing by evidence in the record or proffered* by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend its Complaint to assert a claim for punitive damages as allowed by the Rules of Civil Procedure. The Rules of Civil Procedure shall be liberally construed so as to allow the claimant discovery of *evidence which* appears reasonably calculated to lead to admissible evidence on this issue of punitive damages . . . (Emphasis supplied).

Federal Courts have recognized that the right to punitive damages under Florida law is a substantive right governed by Florida substantive law. See, e.g. *Mahon v. City of Largo,* 829 F.Supp. 377 (M.D. Fla. 1993). Under Florida law, there must be a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Thus in *Globe Newspaper Co. v. King,* 658 So.2d 518 (Fla. 1995), the Supreme Court of Florida stated:

> We read §768.72 to create substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable *evidentiary* basis for recovery of punitive damages. (Emphasis supplied).

*See also, LST Inc. v. Crowe,* 1772 F.Supp. 1254, 1256 (M.D. Fla. 1991) (Plaintiffs must proffer evidence providing a basis to recover punitive damages).

The Plaintiffs have not met the conditions precedent to seeking such damages in that they have failed to post costs for discovery pursuant to section 624.155(4), Florida Statutes which is a prerequisite to seeking punitive damages.

Because Plaintiff has failed to meet the substantive requirements set forth under Florida Statute §768.72, all references to punitive damages in her complaint should be stricken.

## III.    **CONCLUSION**

Plaintiff has failed to allege that a bad faith cause of action has accrued in favor of the Plaintiff. Additionally, Plaintiff has failed to comply with the statutory requirements for seeking punitive damages. Therefore, Plaintiff's Complaint must be dismissed, and Plaintiff's count for punitive damages must be stricken.

BUTLER, BURNETTE & PAPPAS

LEWIS F. COLLINS, JR., ESQ.
Florida Bar No: 267422
6200 Courtney Campbell Causeway
Bayport Plaza - Suite 1100
Tampa, FL 33607-5946
(813) 281-1900
FAX (813) 281-0900

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of January, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

Lewis F. Collins, Jr., Esquire