UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-CV-6100
Judge Ursula Ungaro-Benages

DEBORAH KIRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/



### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S, STATE FARM, MOTION TO DISMISS/MOTION TO STRIKE PUNITIVE DAMAGES

    Plaintiff, DEBORAH KIRBY, by and through her undersigned attorneys, hereby files this Memorandum of Law in Opposition to Defendant's, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), Motion to Dismiss/Motion to Strike Punitive Damages and states as follows:

    Defendant, STATE FARM, moves to dismiss Count I of the Complaint, arguing that a bad faith action does not accrue until the insured prevails on an underlying breach of contract suit. In this case, however, Plaintiff has prevailed in the underlying contract suit, and has received an excess verdict against the Defendant in the amount of Three Hundred Eight Thousand Five Hundred ($308,500.00) Dollars. An Amended Final

Judgment was entered based upon that verdict in the amount of the Defendant's policy limits, that is, One Hundred Thousand ($100,000.00) Dollars. That Amended Final Judgment specifically anticipates this bad faith action brought pursuant to Florida Statute §624.155. See Exhibit "A." Accordingly, Plaintiff's bad faith action is not premature and Defendant's Motion to Dismiss this claim should be denied.

Defendant, STATE FARM, has also moved to strike Plaintiff's claim for punitive damages, arguing that Plaintiff's failure to comply with Florida Statute §768.72 is fatal to said claim. However, Defendant fails to acknowledge that the majority of Judges in this district have held that Florida Statute §768.72 does not apply to litigants pleading punitive damages claims under Florida law in federal court. As was recently held by Judge Seitz of this District in Primerica Financial Services, Inc. v. Mitchell, 48 F.Supp. 2d 1363, 1371-1372 (S.D. Fla. 1999):

> This Court agrees with the majority of judges in the Southern District in finding that §768.72 is not applicable to plaintiff. In reaching this holding, this Court is persuaded by the articulate and detailed analysis contained in Judge Ryskamp's opinion in Tutor Time Child Care Services, Inc. v. Frank's Investment Group, Inc., 966 F. Supp. 1188 (S.D. of Fla. 1997). In Tutor Time, the court undertook an analysis to determine if §768.72 conflicted with any federal rule, namely Federal Rule of Civil Procedure 8(a) (requiring a short plain statement of claim) or 9(g) (mandating that claims for special damages be specifically stated). The court found that the state statute conflicted with both rules. Id. at 1190.
>
> First, with respect to Rule 8, the court held that any state statute "imposing a pleading requirement stricter than that of Rule 8 conflicts with the federal rules." Id. at 1191. Likewise, the Tutor Time court found that §768.72 conflicted with Rule 9. Id. at 1192. Rather than being required to state a claim for punitive damages specifically as provided in Rule 9, a plaintiff would be forced to proffer evidence sufficient to sustain the claim. Id. Such stringent requirements conflict with the spirit

Pappas, Bayport Plaza, 6200 Courtney Campbell Causeway, Suite 1100, Tampa, FL, 32308 (850-894-4111; Fax: 850-894-4999).

> KRUPNICK, CAMPBELL, MALONE, ROSELLI,
> BUSER, SLAMA, HANCOCK, McNELIS
> LIBERMAN & McKEE, P.A.
> Attorney for Plaintiff
> 700 Southeast Third Avenue
> Courthouse Law Plaza, Suite 100
> Fort Lauderdale, Florida 33316
> (954) 763-8181
>
> BY: _[signature]_
> WALTER G. CAMPBELL, JR., ESQUIRE
> Florida Bar No.: 161009

14270

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY,
FLORIDA.

CASE NO.: 95-011682 02

DEBORAH KIRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## AMENDED FINAL JUDGMENT

THIS ACTION came on for Trial before the Court and Jury, Leonard L. Stafford, Circuit Court Judge, presiding, and the issues having been duly tried and the Jury having duly entered its verdict on December 1, 1999, in the amount of $308,500.00, it is

ORDERED and ADJUDGED that plaintiff, DEBORAH KIRBY, recover of the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) pursuant to the terms of the policy with interest thereon at the rate of 10% and further recover for costs to be subsequently taxed by this Court and further subject to action for excess judgment pursuant to Florida Statute §624.155 for which let execution issue.

DONE and ORDERED, in Chambers, Fort Lauderdale, Broward County, Florida, this __7__ day of ~~December, 1999~~ January 2000.

           LEONARD L. STAFFORD

           _____
           LEONARD L. STAFFORD, CIRCUIT JUDGE
           TRUE COPY

Copies furnished:
Walter G. Campbell, Jr., Esq.
Kenneth M. Oliver, Esq.

JAN 10 2000



PLAINTIFF'S EXHIBIT
A