FILED by CS D.C.
FEB 29 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6100-CIV-UNGARO-BENAGES

DEBORAH KIRBY,

    Plaintiff,

vs.

**ORDER ON MOTION TO DISMISS/**
**MOTION TO STRIKE**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

THIS CAUSE came before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss/Motion to Strike Punitive Damages, filed January 21, 2000.

THE COURT has considered the above-referenced Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

**LEGAL STANDARD**

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bradberry v. Pinnellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986). *See also* Fed. R. Civ. Pro. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984); *Stevens v. Dep't of Health and Human Services*, 901



F.2d 1571, 1573 (11th Cir. 1990). Thus, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

## LEGAL ANALYSIS

### Count I - Statutory Bad Faith Under Fla. Stat. § 624.155

Defendant contends that Count I of Plaintiff's Complaint should be dismissed on the grounds that a bad faith cause of action does not accrue unless and until resolution of the underlying claim in Plaintiff's favor. The Court agrees. *See Blanchard v. State Farm Mut. Automobile Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). *See also Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994) (affirming *Blanchard* analysis and finding "that a complaint for a bad-faith claim requires an allegation that there has been a determination of damages"). Although in her Response to Defendant's Motion, Plaintiff attaches an Amended Final Judgment indicating a judgment in her favor in the underlying action, she failed to allege this requisite element in her Complaint and has similarly failed to attach the a copy of the judgment to her Complaint as an exhibit. (Response, Ex. A). *See Imhof*, 643 So. 2d at 619.

Accordingly, insofar as Defendant moved to dismiss Count I, Defendant's Motion will be granted with leave to amend to properly allege a determination of the underlying claim in Plaintiff's favor.

### Counts I and II - Claims for Punitive Damages

Defendant also moves to strike Plaintiff's claims for punitive damages in Counts I and II of her Complaint on the grounds that punitive damages claims may be only be asserted with leave of Court following a showing of a reasonable basis for recovery of such damages pursuant to Fla. Stat.

2

§ 768.72. Defendant also moves to dismiss Plaintiff's claims for punitive damages on the ground that she has failed to satisfy the cost posting prerequisite under Fla. Stat. § 624.155 (4).[1] Plaintiff responds that under prevailing law in the Southern District of Florida, Fla. Stat. § 768.72 does not apply to litigants pleading punitive damages claims under Florida law in federal court.

This Court has previously determined that Fla. Stat. § 768.72 is procedural in nature and in direct conflict with Fed. R. Civ. P. 8 (a). *See Blount v. Sterling Healthcare Group, Inc.*, 934 F. Supp.1365 (S.D. Fla. 1996) (citing *State of Wisconsin Inv. Bd. v. Plantation Square Assocs., Ltd.* 761 F. Supp. 1569 (S.D. Fla. 1991). As the Court stated in *Plantation Square*, § 768.72 irreconcilably conflicts with Rule 8 (a) in that:

> [§768.72] obviously requires much more than [the Rule 8(a) requirement of] a mere `short and plain statement' for establishing a punitive damage claim in that it necessitates 1) the presentation of evidence . . . that there exists a reasonable basis for a punitive damage claim and 2) court review and determination that Plaintiff's evidentiary proffer meets the statute's `reasonable basis' standard. . . . To apply §768.72 in federal courts would, in essence, convert the pleading of punitive damages from the requirement of mere notice to a quasi-adjudication of plaintiff's claim, requiring evidentiary inquiry and discovery, argumentation of counsel, and a judicial ruling.

---

[1] Fla. Stat. § 624.155 provides, in pertinent part:

(4) . . .
Any person who pursues a claim under this subsection shall post in advance the costs of discovery. Such costs shall be awarded to the insurer if no punitive damages are awarded to the plaintiff.

Fla. Stat. § 624.155 (4).

761 F. Supp. at 1569.

Accordingly, in light of the irreconcilable conflict between the Florida Statute and the Federal Rules and this Court's determination that § 768.72 is procedural rather than substantive in nature, Defendant's Motion will be denied insofar as it sought to strike Plaintiff's claims for punitive damages pursuant to Fla. Stat. § 768.72 in Counts I and II of her Complaint.

However, insofar as Defendant moved to strike Plaintiff's claim for punitive damages in Count II of her Complaint pursuant to Fla. Stat. § 624.155 (4), Defendant's Motion will be granted. The Court notes that Plaintiff failed to contest Defendant's argument that she failed to satisfy the cost posting requirement pursuant to Fla. Stat. § 624.155 (4). *See, e.g., Fortune Ins. Co. v. Fernandez*, 560 So. 2d 239 (Fla. 4th DCA 1990). A review of the Complaint indicates that Plaintiff has failed to allege compliance therewith.

Accordingly, insofar as Defendant moved to strike Plaintiff's demand for punitive damages pursuant to Fla. Stat. § 768.72 in Counts I and II of her Complaint, the Motion will be denied. Insofar as Defendant moved to strike Plaintiff's demand pursuant to Fla. Stat. § 624.155 (4) in Count II, Defendant's Motion will be granted with leave to amend to properly allege satisfaction of the cost posting prerequisite pursuant to Fla. Stat. § 624.155 (4).

## **CONCLUSION**

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED insofar as it moved to dismiss Count I. Count I is DISMISSED with leave to amend.

ORDERED AND ADJUDGED that Defendant's Motion to Strike is GRANTED insofar as Defendant moved to strike the punitive damages demand pursuant to Fla. Stat. § 624.155 (4) in

Count II of the Complaint. To the extent such damages were demanded pursuant to Fla. Stat. § 624.155 (4) in Count II, Plaintiff's demand is STRICKEN. Insofar as Defendant moved to strike Plaintiff's claim for punitive damages in Counts I and II of the Complaint pursuant to Fla. Stat. § 768.72, the Motion is DENIED. It is further

ORDERED AND ADJUDGED that within 10 days from entry of this Order, Plaintiff shall file an amended complaint that fully comports with the Court's ruling herein.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of February, 2000.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record