NON-COMPLIANCE OF S.D. fla. L.R. 5.1 A B

COPIES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DEBORAH KIRBY,

    Plaintiff,

vs.    CASE NO. 00 CV 6100-UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO STRIKE PUNITIVE DAMAGES**

COMES NOW the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its undersigned counsel, and files this its Memorandum of Law in Support of its Motion to Strike Punitive Damages, and as grounds states as follows.

**I.    FACTS**

Plaintiff filed an Amended Complaint alleging that State Farm committed statutory bad faith pursuant to Section 624.155, Florida Statute, by refusing to settle with the Plaintiff on the grounds that her injuries were not caused by the automobile accident in question. The Plaintiff was allegedly injured in an automobile accident involving an underinsured motorist, on or about April 8, 1994. Plaintiff alleges business practices on the part of State Farm which allegedly constitute bad faith justifying punitive damages for the Plaintiff. Plaintiff seeks punitive damages in excess of Twenty Million Dollars ($20,000,000.00).

In response to the Plaintiff's Amended Complaint, STATE FARM has filed a Motion to Strike Claim for Punitive Damages. The Motion to Strike Punitive Damages is based upon Florida law's requirement that a claim for punitive damages may be asserted only

MAR 29 2000

Rec'd in MIA Dkt _____

with leave of Court after a reasonable showing by evidence in the record providing a reasonable basis for recovery of such damages. The record contains no such evidence at this time.

### A.     Plaintiff's Claim for Punitive Damages must be stricken.

The references to punitive damages in the Amended Complaint are insufficient because Plaintiff has failed to provide evidentiary support in the record or through proffer as required under Florida Substantive law. Florida law sets forth the substantive requirements needed to assert a cause of action for punitive damages under Florida Statute §768.72. This statute states in pertinent part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a *reasonable showing by evidence in the record or proffered* by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend its Complaint to assert a claim for punitive damages as allowed by the Rules of Civil Procedure. The Rules of Civil Procedure shall be liberally construed so as to allow the claimant discovery of *evidence which* appears reasonably calculated to lead to admissible evidence on this issue of punitive damages . . . (Emphasis supplied).

Federal Courts have recognized that the right to punitive damages under Florida law is a substantive right governed by Florida substantive law. See, e.g. *Mahon v. City of Largo,* 829 F.Supp. 377 (M.D. Fla. 1993). Under Florida law, there must be a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Thus in *Globe Newspaper Co. v. King,* 658 So.2d 518 (Fla. 1995), the Supreme Court of Florida stated:

> We read §768.72 to create substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable *evidentiary* basis for recovery of punitive damages. (Emphasis supplied).

*See also, LST Inc. v. Crowe,* 1772 F.Supp. 1254, 1256 (M.D. Fla. 1991) (Plaintiffs must proffer evidence providing a basis to recover punitive damages).

The Plaintiffs have not met the conditions precedent to seeking such damages in that they have failed to post costs for discovery pursuant to section 624.155(4), Florida Statutes which is a prerequisite to seeking punitive damages. Because Plaintiff has failed to meet the substantive requirements set forth under Florida Statute §768.72, all references to punitive damages in her complaint should be stricken.

## II. CONCLUSION

Plaintiff has failed to comply with the statutory requirements for seeking punitive damages. Therefore, Plaintiff's count for punitive damages must be stricken.

BUTLER, BURNETTE & PAPPAS

_____
ANTHONY JOHN RUSSO, ESQ.
Florida Bar No: 0508608
6200 Courtney Campbell Causeway
Bayport Plaza - Suite 1100
Tampa, FL 33607-5946
(813) 281-1900
FAX (813) 281-0900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 24 day of March, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

_____
Anthony J. Russo