UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-CV-6100
Judge Ursula Ungaro-Benages

DEBORAH KIRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION**

Plaintiff, DEBORAH KIRBY, by and through her undersigned attorneys, hereby files this Response to Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's (STATE FARM) Motion to Dismiss for failure to state a cause of action and states as follows:

1. Although Federal Rules of Civil Procedure 12(h)(2) allows a Defendant to raise the defense of failure to state a claim upon which relief can be granted at any time and thus Defendant's motion is timely. However, it certainly would have made things simpler if Defendant had raised this defense to Plaintiff's initial Complaint so that corrections could have been made in the Amended Complaint.

2. In any event, Plaintiff agrees that the complaint does not have a separate

count designated as being pursuant to Florida's Unfair and Deceptive Trade Practices Act, Florida Statute §501.201 at seq.

3. Accordingly, Plaintiff requests leave to amend her complaint to add a separate count alleging a cause of action pursuant to that statute.

4. Attached hereto is Plaintiff's proposed Second Amended Complaint.

WHEREFORE, plaintiff requests leave to file the attached Second Amended Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10 day of ~~February~~ APRIL, 2000 to: LEWIS COLLINS, JR., ESQUIRE, Butler, Burnette, Pappas, Bayport Plaza, 6200 Courtney Campbell Causeway, Suite 1100, Tampa, FL, 32308 (850-894-4111; Fax: 850-894-4999).

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  00-CV-6100
Judge Ursula Ungaro-Benages

DEBORAH KIRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**PROPOSED**
**SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, DEBORAH KIRBY, by and through the undersigned attorneys, and files this Second Amended Complaint against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and as grounds therefor would state:

1. This is an action for damages in excess of Seventy Five Thousand ($75,000.00) Dollars and is brought pursuant to Florida Statutes §625.155 and Florida Statute §501.201 et seq. (Florida Unfair and Deceptive Trade Practices Act).

2. At all times material hereto, the Plaintiff, DEBORAH KIRBY, was and is a resident of Broward County, Florida.

3. At all times material hereto, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), was and is an insurance company authorized to do business in the State of Florida, and in fact, was doing business in Broward County, Florida.

4. At all times material hereto, the Defendant, STATE FARM, issued an insurance policy to the Plaintiff, DEBORAH KIRBY, in Broward County, Florida.

5. On or about April 8, 1994, the Plaintiff, DEBORAH KIRBY, was injured in an automobile accident in which she was rear ended and injured by an underinsured motorist.

6. The premium for said policy of insurance issued by the Defendant, STATE FARM, was paid by the Plaintiff, DEBORAH KIRBY, for insurance coverage which provided for $100,000.00 of uninsured/uninsured motorist benefits. A copy of policy is attached hereto as Plaintiff's Exhibit "A."

7. On December 1, 1999 a verdict was returned against Defendant, STATE FARM and in favor of the Plaintiff, DEBORAH KIRBY, awarding damages of $308.500.00. A judgment based upon that verdict was entered against the Defendant, STATE FARM, on January 7, 2000 awarding the $100,000.00 of uninsured motorist benefits and recognizing Plaintiff's rights to bring a claim for the excess verdict based upon Florida Statute §624.155. See Exhibit B attached hereto.

### Count I

**STATUTORY BAD FAITH
UNDER FLORIDA STATUTE §624.155,**

Plaintiff realleges and reavers Paragraphs 1-6 as if fully set forth herein and would

further state:

8. Plaintiff, DEBORAH KIRBY, has complied with all requirements of Florida Statute §624.155. A copy of the Civil Remedy Notice and return receipt cards to Defendant, STATE FARM, is attached as Plaintiff's composite Exhibit "C".

9. Defendant, STATE FARM, refused to settle with the Plaintiff, DEBORAH KIRBY, knowing full well that the Plaintiff was entitled to benefits, alleging that the injuries sustained by the Plaintiff, DEBORAH KIRBY, were not caused by the accident in question. The failure to pay underinsured/uninsured motorist benefits to Plaintiff, DEBORAH KIRBY, is inconsistent with payment of PIP benefits and medical payments benefits under the said policy of insurance.

10. Defendant, STATE FARM, has established a pattern of not settling cases and hire doctors who consistently hold that plaintiffs are not injured as a result of accidents and had sustained no permanent injuries due to car accidents.

11. Defendant, STATE FARM, has a pattern of intimidating plaintiffs as part of a national campaign to influence jurors in civil action suits to give plaintiffs less money as compensation for injuries sustained in accidents.

12. Defendant's STATE FARM, conduct has been outrageous and constitutes a business practice of fraud and deceit for which punitive damages are called for.

13. As a result of Defendant, STATE FARM, failing to settle with the Plaintiff, DEBORAH KIRBY, for the underinsured/uninsured benefits she was entitled to, Plaintiff, DEBORAH KIRBY, sustained serious bodily injuries caused by an underinsured/underinsured motorist and Defendant, STATE FARM, has failed and/or

3

refused to pay the underinsured/uninsured motorist benefits she is entitled under the said policy of insurance.

14.  Plaintiff, DEBORAH KIRBY, has been required to retain the services of this law firm and has agreed to pay said firm a reasonable attorney fee for said representation.

WHEREFORE, Plaintiff, DEBORAH KIRBY, demands judgment for damages against the Defendant, STATE FARM, together with costs and attorney fees and demands trial by jury of all issues triable as of right by jury.

## Count II

## CLAIM FOR PUNITIVE DAMAGES

Plaintiff realleges and reavers Paragraphs 1-6 as if fully set forth herein and would further state:

15.  Defendant, STATE FARM, has become the number one seller of insurance coverage in the State of Florida and has marketed itself as being fair, just and reasonable.

16.  Plaintiff, DEBORAH KIRBY, had purchased insurance coverage believing her insurance carrier, Defendant, STATE FARM, would act fairly with her if she had any claims.

17.  At the time the Plaintiff, DEBORAH KIRBY, presented her claim, not only did the Defendant, STATE FARM, not act fairly, but acted with deceit and fraud towards the Plaintiff, DEBORAH KIRBY, and towards the judicial system.

18.  Rather than pay the benefits due under the policy to the Plaintiff, DEBORAH KIRBY, the Defendant, STATE FARM, chose to hire physicians who consistently testified for the Defendant, STATE FARM, that there were no causal relationships of injuries to accidents and no permanent injuries.  The Defendant, STATE FARM, have paid

4

physicians approximately Forty Thousand ($40,000.00) Dollars, when the total benefits due and owing under the policy of insurance was One Hundred Thousand ($100,000.00).

19. Plaintiff, DEBORAH KIRBY, believes that there is an actual campaign to defraud plaintiffs by classifying claims to plaintiffs as being without merit, even though Plaintiff, DEBORAH KIRBY, purchased insurance coverage to protect her for losses that she sustained in the subject accident and as verified by a jury on 12/1/99.

20. Defendant, STATE FARM, has defrauded plaintiffs into believing that when they presented to the Defendant, STATE FARM, their claims would be paid pursuant to the coverage purchased. Instead of paying the claims, Defendant, STATE FARM, paid outside experts to disprove plaintiffs' claims.

21. The actions of the Defendant, STATE FARM, are outrageous and beyond deceit to the public and should not be tolerated by any individual or Court in this land.

22. The Plaintiff, DEBORAH KIRBY, prays that this Court stop the deceit and fraud of the Defendant, STATE FARM, and prove to the public that enough is enough and grant punitive damages to Plaintiff, DEBORAH KIRBY, in excess of Twenty Million ($20,000,000) Dollars.

23. Plaintiff has posted a bond pursuant to Florida Statute §624.55(4) for the costs of discovery for Plaintiff's claim for punitive damages.

24. Plaintiff, DEBORAH KIRBY, has been required to retain the services of this law firm and has agreed to pay said firm a reasonable attorney fee for said representation.

WHEREFORE, Plaintiff, DEBORAH KIRBY, demands judgment against the Defendant, STATE FARM, together with costs, attorney fees and demands trial by jury of all issues triable as of right by jury.

## COUNT III

## VIOLATION OF FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

Plaintiff realleges and reavers Paragraphs 1-6 as if fully set forth herein and would further state:

25. Defendant, STATE FARM, has become the number one seller of insurance coverage in the State of Florida and has marketed itself as being fair, just and reasonable.

26. Plaintiff, DEBORAH KIRBY, had purchased insurance coverage believing her insurance carrier, Defendant, STATE FARM, would act fairly with her if she had any claims.

27. At the time the Plaintiff, DEBORAH KIRBY, presented her claim, not only did the Defendant, STATE FARM, not act fairly, but acted with deceit and fraud towards the Plaintiff, DEBORAH KIRBY, and towards the judicial system.

28. Rather than pay the benefits due under the policy to the Plaintiff, DEBORAH KIRBY, the Defendant, STATE FARM, chose to hire physicians who consistently testified for the Defendant, STATE FARM, that there were no causal relationships of injuries to accidents and no permanent injuries. The Defendant, STATE FARM, have paid physicians approximately Forty Thousand ($40,000.00) Dollars, when the total benefits due and owing under the policy of insurance was One Hundred Thousand ($100,000.00).

29. Plaintiff, DEBORAH KIRBY, believes that there is an actual campaign to defraud plaintiffs by classifying claims to plaintiffs as being without merit, even though Plaintiff, DEBORAH KIRBY, purchased insurance coverage to protect her for losses that she sustained in the subject accident and as verified by a jury on 12/1/99.

30. Defendant, STATE FARM, has defrauded plaintiffs into believing that when they presented to the Defendant, STATE FARM, their claims would be paid pursuant to the coverage purchased. Instead of paying the claims, Defendant, STATE FARM, paid outside experts to disprove plaintiffs' claims.

31. The actions of the Defendant, STATE FARM, are outrageous and beyond deceit to the public and should not be tolerated by any individual or Court in this land.

32. The Plaintiff, DEBORAH KIRBY, prays that this Court stop the deceit and fraud of the Defendant, STATE FARM, and prove to the public that enough is enough and grant punitive damages to Plaintiff, DEBORAH KIRBY, in excess of Twenty Million ($20,000,000) Dollars.

WHEREFORE, Plaintiff, DEBORAH KIRBY, demands judgment against the Defendant, STATE FARM, together with costs, attorney fees and demands trial by jury of all issues triable as of right by jury.

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009

KGB/lkg

7