UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO.: 00-CV-6100
Judge Ursula Ungaro-Benages

DEBORAH KIRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**JOINT SCHEDULING REPORT**

Plaintiff, DEBORAH KIRBY ("KIRBY") and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") pursuant to Rule 16.1(B)(7) of the Rules of the united States District Court for the Southern District of Florida and the Court's Order Setting Initial Planning and Scheduling Conference dated February 15, 2000, submit their Joint Scheduling Report. The categories below correspond to those set forth in Rule 16.1(B)(7).

**1.     STATEMENT OF THE NATURE OF THE CLAIM:**

Plaintiff, KIRBY, is seeking recovery of an excess verdict received in a lawsuit arising out of an automobile accident for which Defendant, STATE FARM, provided uninsured/underinsured motorist insurance to Plaintiff. Plaintiff, KIRBY, is also seeking punitive damages for Defendant's violation of Florida Statute §624.155(4). Finally, Plaintiff

seeks recovery based upon Defendant's violation of Florida's Unfair And Deceptive Trade Practices Act (Florida Statutes §501.201 et seq.) in connection with its handling of Plaintiff uninsured/underinsured motorist claim. Defendants deny these allegations and assert that Plaintiff has no cause of action under the Unfair and Deceptive Trade Practices Act.

2.  **SUMMARY OF THE UNCONTESTED OR STIPULATED FACTS WITHOUT DISCOVERY:**

    A. Plaintiff, KIRBY, received a verdict in excess of the uninsured/underinsured policy limits.

    B. Defendant, STATE FARM, has dismissed its appeal of that verdict and will be tendering its check in the amount of the policy limits.

3.  **BRIEF SUMMARY OF THE ISSUES AS PRESENTLY KNOWN:**

    A. Whether Defendant, STATE FARM, acted in bad faith in its' handling of Plaintiff's uninsured/underinsured motorist claim.

    B. Whether Defendant, STATE FARM, violated Florida Statutes §624.155(4).

    C. Whether Defendant, STATE FARM violated Florida Statutes §501.201 et seq. Defendant does not believe that this is an issue in this case.

    D. Damages

4.  **WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES:**

    Plaintiff believes that discovery should proceed as to all issues. Defendant believes that discovery should proceed in 3 phases:

1. Discovery concerning the allegations that State farm committed bad faith in the handling of the underinsured motorist claim (Amended Complaint, Paragraphs 7 –9).

2. Discovery concerning the allegations that State Farm "hired doctors who consistently hold that Plaintiffs are not injured" (Amended Complaint, Paragraphs 10, 18, 20: if not stricken by this court)

3. Discovery concerning allegations of punitive damages (Amended Complaint, Paragraphs 17, 19, 21, 22: if not stricken by this court)

5. **DETAILED DISCOVERY PLAN:**

**A. Plaintiff's Discovery:** Plaintiff plans to serve a request for production of documents, interrogatories, and a request for admissions, and to issue subpoenas to third parties. In addition, Plaintiff will depose STATE FARM's corporate representative, its employees, its expert witnesses and any other person with knowledge of relevant facts.

**B. Defendant's Discovery: Defendant** plans to serve discovery in the form of Requests for Production and Interrogatories to determine what facts Plaintiff has to substantiate the allegations made in paragraph's 9, 10-12, 14, 17- 22 & 24 of Plaintiff's Amended Complaint. Defendant will depose the witnesses that the Plaintiff identifies through Rule 26 disclosures and through answers to the aforementioned discovery, including, but not

limited to, expert and fact witnesses.

6. **PROPOSED DEADLINES:**

   A. To join parties and amend pleadings – August 1, 2000

   B. To file motions – June 17, 2001.

   C. To hear motions - July 15, 2001.

   d. To complete discovery – June 1, 2001  Defendant proposes discovery deadlines as follows:

   1. Phase 1:   January 15, 2001

   2. Phase 2:   April 15, 2001

   3. Phase 3:   Not before January 15, 2001 and not after June 15, 2001

7. **PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL:**

   Final Pretrial Conference – on or after July 15, 2001.

   Trial – on or after August 1, 2001.

8. **PROJECTED TIME FOR TRIAL AND STATEMENT OF JURY OR NON-JURY**

   Trial of this matter will take approximately 5 – 7 days and will be a Jury trial.

9. **PENDING MOTIONS, WHETHER EACH MOTION IS "RIPE" FOR REVIEW, DATE EACH MOTION BECAME RIPE, AND SUMMARY OF PARTIES' RESPECTIVE POSITIONS WITH RESPECT TO EACH RIPE MOTION.**
   Defendant's Motion to Dismiss or Strike Portions of Plaintiff's Amended Complaint.  Defendant also expects to be filing a Motion to Strike or Increase Plaintiffs Cost Bond.

10. **UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE REQUIRING SPECIAL CONSIDERATION BY THE COURT:**

Defendant believes that there will be some unique legal aspects of this case dealing with discovery based on Plaintiff's allegations in paragraphs 10, 11,12, and 17 – 22 of Plaintiff's Amended Complaint.

11. **NEED FOR REFERRAL TO A MAGISTRATE**

The parties do not object to the referral of discovery matters to the Magistrate Judge.

12. **STATUS AND LIKELIHOOD OF SETTLEMENT**

Settlement discussions will be pursued although the possibility of settlement at this time is unknown.

13. **A. OTHER MATTERS AS REQUIRED BY LOCAL RULE 16.1(B) COOPERATION ON THE EVIDENTIARY ISSUES:**

The parties agree to cooperate on evidentiary issues, to stipulate to the admissibility of evidence where appropriate, to limit the need for any advance rulings from the Court on questions of admissibility of evidence, and to agree to seek such advance rulings when necessary to avoid any undue delay at trial.

B. **SUGGESTIONS FOR AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE:**

The parties agree to cooperate to avoid unnecessary proof and cumulative evidence.

14. **DOCUMENTS AND EXHIBITS:**

Pursuant to Local Rules 16.1(B)(1) and (4), the parties have agreed to exchange documents and exhibits by May 30, 2000.

15. **WITNESSES:**

Pursuant to Local Rules 16.1(B)(1) and (4), the parties have agreed to exchange documents and exhibits by May 30, 2000.

Dated this 24 day of April, 2000.

BUTLER, BURNETTE, PAPPAS
Attorneys for Defendant
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 32308
(813) 281-1900

BY: _____
LEWIS COLLINS, JR., ESQ.
Florida Bar No.: 267422

KRUPNICK, CAMPBELL, MALONE, ROSELLI, BUSER, SLAMA, HANCOCK, McNELIS LIBERMAN & McKEE, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009