FILED by ___ D.C.
APR 2 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6100-CIV-UNGARO-BENAGES

DEBORAH KIRBY,

    Plaintiff,

vs.

**ORDER ON**
**MOTION TO STRIKE**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

THIS CAUSE came before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Strike Certain Portions of Plaintiff's Amended Complaint[1] as Being Immaterial, Irrelevant, Scandalous and Severly Prejudicial, filed March 27, 2000. The Court notes that Defendant failed to file a timely Reply to Plaintiff's Response. Accordingly, the Court resolves Defendant's Motion without benefit thereof.

THE COURT has considered the above-referenced Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Under Fed.R.Civ.Pro. 12(f), a court may, upon motion of the opposing party, strike from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." The Court notes that motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored and will usually be denied unless the allegations bear no possible relevancy to the

---

[1] The Court notes that although Defendant's Motion references Plaintiff's Amended Complaint, by Order issued April 13, 2000, Plaintiff was permitted to file a Second Amended Complaint. In any event, ¶¶ 10, 11, 17, 19, 21, 22 alleged in Plaintiff's Second Amended Complaint are identical to those alleged in Plaintiff's Amended Complaint. Accordingly, in resolving this Motion, the Court's rulings pertain to Plaintiff's Second Amended Complaint.

controversy and may cause prejudice to one of the parties. *See Poston v. American President Lines, Ltd.,* 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir. 1962).

Defendant moves to strike certain allegations from Plaintiff's Amended Complaint, namely ¶¶ 10, 11, 17, 19, 21, 22 on the grounds that they are, *inter alia*, irrelevant, immaterial, prejudicial, and scandalous.[2] Plaintiff responds that said allegations are essential to her punitive damages claim under Fla. Stat. § 624.155.[3]

---

[2]The allegations at issue are as follows:

¶ 10: Defendant, STATE FARM, has established a pattern of not settling cases and hire [sic] doctors who consistently hold that Plaintiffs are not injured as a result of accidents and had sustained no permanent injuries due to car accidents.

¶ 11: Defendant, STATE FARM, has a pattern of intimidating Plaintiff as part of a national campaign to influence jurors in civil action suits to give Plaintiffs less money as compensation for injuries sustained in accidents.

¶ 17: At the time the Plaintiff, DEBORAH KIRBY, presented her claim, not only did the Defendant, STATE FARM, not act fairly, but acted with deceit and fraud towards the Plaintiff, DEBORAH KIRBY, and towards the judicial system.

¶ 19: Plaintiff, DEBORAH KIRBY, believes that there is an actual campaign to defraud plaintiffs by classifying claims to plaintiffs as being without merit, even though Plaintiff, DEBORAH KIRBY, purchased insurance coverage to protect her for losses that she sustained in the subject accident and as verified by a jury on 12/1/99.

¶ 21: The actions of the Defendant, STATE FARM, are outrageous and beyond deceit to the public and should not be tolerated by any individual or court in this land.

¶ 22: The Plaintiff, DEBORAH KIRBY, prays that this Court stop the deceit and fraud of the Defendant, STATE FARM, and prove to the public that enough is enough and grant punitive damages to Plaintiff, DEBORAH KIRBY, in excess of Twenty Million ($20,000,000) Dollars.

[3]The Court notes that although Plaintiff also contends that said allegations are necessary for stating a claim under Florida's Unfair and Deceptive Trade Practices Act, she has not incorporated these allegations into Count III, nor has Defendant moved to strike any of the allegations set forth in Count III.

2

Insofar as Plaintiff's Complaint alleges Statutory Bad Faith under Fla. Stat. § 624.155[4] (Count I) and seeks punitive damages thereunder (Count II), this Court finds that ¶¶ 10, 11, 17, 19, 21, 22 are material to Plaintiff's claims and are directed toward a specific theory of recovery under Fla. Stat. § 624.155. Accordingly, the Court finds that ¶¶ 10, 11, 17, 19, 21, 22 do not constitute irrelevant, immaterial, prejudicial, or scandalous allegations and that Defendant's Motion to Strike should be denied.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Strike ¶¶ 10, 11, 17, 19, 21, 22 from Plaintiff's Second Amended Complaint is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of April, 2000.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

---

[4]Fla. Stat. § 624.155 provides, in pertinent part:

(4) No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:

(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured; or
(c) In reckless disregard for the rights of a beneficiary under a life insurance contract.

Any person who pursues a claim under this subsection shall post in advance the costs of discovery. Such costs shall be awarded to the insurer if no punitive damages are awarded to the plaintiff.

Fla. Stat. 1 624.155 (4).