UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEBORAH KIRBY,

    Plaintiff,

vs.                            CASE NO. 00-CV-6100 UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its undersigned counsel, hereby responds to the Amended Complaint filed by Plaintiff, DEBORAH KIRBY, and responds to the correspondingly numbered paragraphs as follows:

1.    Admitted that the jurisdictional amount of damages alleged and Florida Statute § 624.155 provides a basis for jurisdiction. The rest and remainder of the allegations contained in paragraph 1 are denied.

2.    Without knowledge and therefore denied.

3.    Admitted.

4.    Admitted.

5.    Admitted that on or about April 8, 1994, the Plaintiff, DEBORAH KIRBY was involved in an automobile accident wherein she was rear-ended by an underinsured motorist. The rest and remainder of the allegations contained in paragraph 5 are denied.



6. Admitted.

7. Admitted that on December 1, 1999, a verdict was returned against Defendant, STATE FARM and in favor of the Plaintiff, DEBORAH KIRBY, awarding damages of $308,500.00 and that a judgment based upon that verdict was entered against the Defendant, STATE FARM on January 7, 2000 awarding the $100,000.00 as uninsured motorist benefits. The rest and remainder of the allegations contained in paragraph 7 are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied

13. Denied

14. Defendant acknowledges the Plaintiff has retained counsel, however, Defendant denies that Plaintiff is entitled to attorney's fees.

15. Admitted.

16. Without knowledge and therefore denied.

17. Denied.

18. Admitted that the Plaintiff, DEBORAH KIRBY had total benefits available under the policy of insurance at issue of $100,000.00. The rest and remainder of the allegations contained in paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Defendant acknowledges the Plaintiff has retained counsel, however, Defendant denies the Plaintiff is entitled attorney's fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In the event the Defendant is found liable to the Plaintiff, Defendant is entitled to an offset of any amounts paid to the Plaintiff under the policy of insurance at issue.

### Second Affirmative Defense

The imposition of punitive damages, if any, against the Defendant, based on non-specific allegations without any connection to the underlying claim for underinsured motorists benefits is unconstitutional pursuant to the Florida and the United States Constitutions.

### Third Affirmative Defense

The imposition of punitive damages, if any, against the Defendant, based upon alleged conduct that occurred in other cases or in other jurisdictions is unconstitutional pursuant to the Florida and the United States Constitutions

### Fourth Affirmative Defense

All issues as to damages relating to the alleged punitive damages sought by the Plaintiff herein should be severed and bifurcated from the trial of this matter.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

BUTLER BURNETTE PAPPAS

LEWIS F. COLLINS, JR., ESQUIRE
Florida Bar No: 267422
6200 Courtney Campbell Causeway
Bayport Plaza - Suite 1100
Tampa, FL 33607-5946
(813) 281-1900
FAX (813) 281-0900
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FAX and U.S. Mail this 25 day of April, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

Lewis F. Collins, Jr.

4