UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEBORAH KIRBY,

    Plaintiff,

vs.                          CASE NO. 00-CV-6100UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

### MOTION TO STRIKE CERTAIN PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its counsel, and pursuant to Federal Rule of Civil Procedure 12(f), hereby files this Motion to Strike, and as grounds states the following:

1.     The Plaintiff has brought this action against the Defendant claiming statutory bad faith under Florida Statute §624.155 and a claim for punitive damages.

2.     Paragraph 10 of Plaintiff's Second Amended Complaint states:

> Defendant, STATE FARM, has established a pattern of not settling cases and hire [sic] doctors who consistently hold that Plaintiffs are not injured as a result of accidents and had sustained no permanent injuries due to car accidents.

3.     Paragraph 11 of Plaintiff's Second Amended Complaint states:

> Defendant, STATE FARM, has a pattern of intimidating Plaintiffs as part of a **national campaign to influence jurors** in civil action suits to give Plaintiffs less money as compensation for injuries sustained in accidents. (emphasis added)

[NON-COMPLIANCE S.D. Fla. L.R. ___]

4. Paragraph 17 of Plaintiff's Second Amended Complaint states:

> At the time the Plaintiff, DEBORAH KIRBY, presented her claim, not only did the Defendant, STATE FARM, not act fairly, but acted with deceit and fraud towards the Plaintiff, DEBORAH KIRBY, and **towards the judicial system** (emphasis added).

5. Paragraph 19 of Plaintiff's Second Amended Complaint states:

> Plaintiff, DEBORAH KIRBY, believes that there is an actual campaign to defraud plaintiffs by classifying claims to plaintiffs as being without merit, even though Plaintiff, DEBORAH KIRBY, purchased insurance coverage to protect her for losses that she sustained in the subject accident and as verified by a jury on 12/1/99.

6. Paragraph 21 of Plaintiff's Second Amended Complaint states:

> The actions of the Defendant, STATE FARM, are outrageous and beyond **deceit to the public** and should not be tolerated by any individual or court in this land. (emphasis added)

7. Paragraph 22 of Plaintiff's Second Amended Complaint states:

> The Plaintiff, DEBORAH KIRBY, prays that this Court stop the deceit and fraud of the Defendant, STATE FARM, and prove to the public that enough is enough and grant punitive damages to Plaintiff, DEBORAH KIRBY, in excess of Twenty Million ($20,000,000) Dollars.

8. Each of the above-quoted portions of Plaintiff's Second Amended Complaint are totally irrelevant and immaterial to this issues in controversy, are wholly unsupported by fact, and intended solely to cause severe prejudice to and mischaracterization of STATE FARM.

9. The above-quoted portions of Plaintiff's Second Amended Complaint are not only scandalous, by extremely prejudicial to STATE FARM and these portions of the Complaint have no bearing on the subject matter of the litigation (to wit: was the excess

verdict in the underlying matter as a result of bad faith on the part of State Farm) and their inclusion will only cause severe prejudice to STATE FARM.

10. The grounds on which STATE FARM basis its Motion to Strike are fully set forth in the accompanying Memorandum of Law and Fact in Support of STATE FARMS Motion.

WHEREFORE, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Court enter an Order striking the above-quoted portions of Plaintiff's Second Amended Complaint, and post sanctions against the Plaintiff in an amount for which this Court deems just and proper, and award STATE FARM any and all further relief as this Court may deem just and proper.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.  **FACTS**

STATE FARM issued an automobile insurance policy to the Plaintiff, DEBORAH KIRBY. On or about April 8, 1994, the Plaintiff was involved in an automobile accident in which she was rear-ended by an underinsured motorist. After collecting the policy limits from the tortfeasor, Plaintiff proceeded against her underinsured motorists coverage with State Farm. The STATE FARM policy provided for the Plaintiff's benefit $100,000.00 of Uninsured/Underinsured Motorist benefits (hereinafter: UM).

Following a jury trial, on December 1, 1999, a verdict was returned against Defendant, STATE FARM in favor of the Plaintiff awarding damages of $308,500.00. A judgment based upon that verdict was entered against the Defendant, STATE FARM on January 7, 2000, awarding the $100,000.00 of uninsured motorists benefits to the Plaintiff.

Subsequently, Plaintiff brought this action for statutory bad faith seeking punitive damages against the Defendant, STATE FARM.

## II.  LEGAL ANALYSIS AND DISCUSSION

### A.  Party may move to strike immaterial and scandalous pleadings

Federal Rule of Civil Procedure 12(f) provides the Court with the means to remove allegations from a pleading that it finds "redundant, immaterial, impertinent, or scandalous." *Federal Rule of Civil Procedure 12(f)*. The Plaintiff has no basis to make the assertions against STATE FARM as quoted above. These assertions are not only scandalous, they are totally unrelated t the issue before this court: did State Farm, through their bad faith, cause an excess verdict to be rendered in the underlying cause of action for UM benifits?

These allegations of Plaintiff's Second Amended Complaint "ha[ve] no bearing on the subject matter of the litigation and [their] inclusion will prejudice the Defendant, STATE FARM." FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976); NOW, Inc. v. Scheidler, 897 F. Supp. 1047, 1087 N. 28 (N.D. Illinois 1995) (to strike portions of a Complaint, the allegations being challenged must be unrelated to Plaintiff's claims, therefore making them unworthy of consideration and prejudicial to the movant).

### B.  Scandalous Defined

"Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court. Moore's Federal Practice (3d Edition) §12.37(3). See Khalid Bin Talal v. E.F. Hutton & Company, 720 F. Supp. 671, 685 (N.D. Illinois 1989) (Court looks to whether allegations reflect cruelty, use repulsive language or detract from dignity of the Court). Court struck scandalous material as irrelevant and immaterial to the issues in

controversy. Talbot v. Robert Matthews Distribution Company, 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice); Alvarod-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988) (striking from Complaint such terms as "concentration camp", "brainwash," "torture," and references to "Chinese Communist in Korea" are superfluous descriptions in action arising from implementation of voluntarily incentive resignation plan).

### C.    Used only to inflame the trier of fact

Plaintiff's scandalous allegations against STATE FARM will substantially prejudice STATE FARM. The trier of fact may easily misconstrue the Plaintiff's unsubstantiated assertion as fact rather than the baseless allegations that they are. Furthermore, there is no valid reason necessitating such language which is employed merely to sway a trier of fact and prejudice STATE FARM.

### III.    CONCLUSION

STATE FARM asserts that it shall sustain prejudice if these portions of Plaintiff's Second Amended Complaint are not stricken. These portions are not only irrelevant and immaterial to the instant action, they are also scandalous and fabricated statements set forth only to inflame the trier of fact and instill prejudice against STATE FARM.

BUTLER BURNETTE PAPPAS

_____
LEWIS F. COLLINS, JR., ESQUIRE
Florida Bar No: 267422
6200 Courtney Campbell Causeway
Bayport Plaza - Suite 1100
Tampa, FL 33607-5946
(813) 281-1900
FAX (813) 281-0900

Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FAX and U.S. Mail this 25 day of April, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

_____
Lewis F. Collins, Jr.