

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6100-CIV-UNGARO-BENAGES

DEBORAH KIRBY,

    Plaintiff,

vs.

**ORDER ON MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

THIS CAUSE came before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss Second Amended Complaint, filed April 28, 2000. The Court notes that it resolves Defendant's Motion without aid of Plaintiff's Response.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

**LEGAL STANDARD**

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bradberry v. Pinnellas County,* 789 F.2d 1513, 1515 (11th Cir. 1986). *See also* Fed. R. Civ. Pro. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984); *Stevens v. Dep't of Health and Human Services,* 901 F.2d

1571, 1573 (11th Cir. 1990). Thus, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

## LEGAL ANALYSIS

### Count III - Violation of Florida's Unfair and Deceptive Trade Practices Act

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA" or the "Act") states, in relevant part that:

> (1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
>
> (2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45 (a) (1).

Fla. Stat. § 501.204. The statute is intended to provide equitable and legal remedies to consumers who are aggrieved or sustain losses or suffer diminution of value of goods or services they have purchased due to a violation of the Act. In order to recover under the Act, however, the consumer must plead and prove that the conduct complained of was unfair and deceptive and that she was aggrieved by the alleged conduct. *See Macias v. HBC of Florida, Inc.*, 694 So. 2d 88 (Fla. 3d DCA 1997); *Urling v. Helms Exterminators, Inc.* 468 So. 2d 451, 454 (Fla. 1st DCA 1985). Conduct can be unfair if it "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Urling*, 468 So. 2d at 453 (citations omitted).

Here, Plaintiff has alleged that Defendant's conduct was deceitful and fraudulent with respect to her insurance claim (¶¶ 27, 28) and that Defendant has failed to pay total benefits due and owing

under her policy (¶ 28). As such, Plaintiff has sufficiently alleged that she is an aggrieved consumer under the Act.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion is DENIED. Defendant shall answer or otherwise respond to Plaintiff's Second Amended Complaint in its entirety within 10 days of entry of this Order.

Moreover, the Court points out that pursuant to the Southern District of Florida Local Rules 7.1A (4): "4. [e]very motion when filed shall also be accompanied by stamped, addressed envelopes for each party entitled to notice of the Order when issued by the Judge." The Court notes that Defendant has failed to provide the required envelopes. Future noncompliance with the Local Rules will result in a denial of the non-complying motion, and any filing deadlines affected by the denial of the motion will not be extended.

DONE AND ORDERED in Chambers at Miami, Florida, this __/__ day of April, 2000.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record.