UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEBORAH KIRBY,

    Plaintiff,

vs.                                CASE NO. 00-CV-6100 UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR LEAVE TO
AMEND ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW** the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), by and through its undersigned counsel, and hereby files this Motion for Leave to Amend pursuant to Rule 15, Federal Rules of Civil Procedure, to amend its Answer and Affirmative Defenses, and in support thereof states as follows:

1. Plaintiff's Second Amended Complaint was deemed filed by this Court by Order dated April 13, 2000. In response, STATE FARM served its Answer and Affirmative Defenses on April 25, 2000.

2. STATE FARM, with this Motion, seeks to amend its Answer and Affirmative Defenses to add the affirmative defense of "Advice of Counsel."

3. Counsel for STATE FARM has contacted Plaintiff's counsel in an attempt to obtain consent to this amendment and is yet to receive a response.

4. This Motion is made in compliance with this Court's Order requiring amendment of pleadings be made by June 23, 2000.

5.  This Motion would not be prejudicial to Plaintiff, is not being made in bad faith or after undue delay, would not be futile, and would not result in additional discovery or delay of trial.

6.  Defendant, STATE FARM, respectfully requests that this Court enter an Order allowing it to amend its Answer and Affirmative Defenses.

7.  A copy of the proposed Amended Answer and Affirmative Defenses is attached hereto as Exhibit "A".

WHEREFORE Defendant, STATE FARM, moves this Court for an Order granting STATE FARM's Motion for Leave to Amend.

Respectfully submitted,

BUTLER, BURNETTE PAPPAS

_____
LEWIS F. COLLINS, JR., ESQUIRE
Florida Bar No.: 267422
Bayport Plaza – Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FAX and U.S. Mail this 26th day of Junel, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

Lewis F. Collins, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



DEBORAH KIRBY,

    Plaintiff,

vs.                                        CASE NO. 00-CV-6100 UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its undersigned counsel, hereby responds to the Amended Complaint filed by Plaintiff, DEBORAH KIRBY, and responds to the correspondingly numbered paragraphs as follows:

    1.    Admitted that the jurisdictional amount of damages alleged and Florida Statute § 624.155 provides a basis for jurisdiction. The rest and remainder of the allegations contained in paragraph 1 are denied.

    2.    Without knowledge and therefore denied.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted that on or about April 8, 1994, the Plaintiff, DEBORAH KIRBY was involved in an automobile accident wherein she was rear-ended by an underinsured motorist. The rest and remainder of the allegations contained in paragraph 5 are denied.

6. Admitted.

7. Admitted that on December 1, 1999, a verdict was returned against Defendant, STATE FARM and in favor of the Plaintiff, DEBORAH KIRBY, awarding damages of $308,500.00 and that a judgment based upon that verdict was entered against the Defendant, STATE FARM on January 7, 2000 awarding the $100,000.00 as uninsured motorist benefits. The rest and remainder of the allegations contained in paragraph 7 are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied

13. Denied

14. Defendant acknowledges the Plaintiff has retained counsel, however, Defendant denies that Plaintiff is entitled to attorney's fees.

15. Admitted.

16. Without knowledge and therefore denied.

17. Denied.

18. Admitted that the Plaintiff, DEBORAH KIRBY had total benefits available under the policy of insurance at issue of $100,000.00. The rest and remainder of the allegations contained in paragraph 18 are denied.

19. Without knowledge as to Plaintiff's beliefs, therefore denied. The rest and remainder of the allegations contained in paragraph 19 are denied.

20. Denied.

21. Denied.

22. Admitted that Plaintiff, DEBORAH KIRBY, prays for the relief sought. The rest and remainder of the allegations contained in paragraph 22 are denied.

23. Admitted.

24. Defendant acknowledges the Plaintiff has retained counsel, however, Defendant denies the Plaintiff is entitled attorney's fees.

25. Admitted.

26. Without knowledge and therefore denied.

27. Denied.

28. Admitted that the Plaintiff, DEBORAH KIRBY had total benefits available under the policy of insurance at issue of $100,000.00. The rest and remainder of the allegations contained in paragraph 28 are denied.

29. Without knowledge as to Plaintiff's beliefs, therefore denied. The rest and remainder of the allegations contained in paragraph 29 are denied.

30. Denied.

31. Denied.

32. Admitted that Plaintiff, DEBORAH KIRBY, prays for the relief sought. The rest and remainder of the allegations contained in paragraph 32 are denied.

3

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In the event the Defendant is found liable to the Plaintiff, Defendant is entitled to an offset of any amounts paid to the Plaintiff under the policy of insurance at issue.

### Second Affirmative Defense

The imposition of punitive damages, if any, against the Defendant, based on non-specific allegations without any connection to the underlying claim for underinsured motorists benefits is unconstitutional pursuant to the Florida and the United States Constitutions.

### Third Affirmative Defense

The imposition of punitive damages, if any, against the Defendant, based upon alleged conduct that occurred in other cases or in other jurisdictions is unconstitutional pursuant to the Florida and the United States Constitutions

### Fourth Affirmative Defense

All issues as to damages relating to the alleged punitive damages sought by the Plaintiff herein should be severed and bifurcated from the trial of this matter.

### Fifth Affirmative Defense

After conducting a thorough investigation of the claim, Defendant sought advice of independent legal counsel and, upon a full, correct, and honest disclosure of all material facts to counsel, reasonably relied on counsel's advice in determining whether to accept or deny Plaintiff's insurance claim.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

BUTLER BURNETTE PAPPAS

_____
LEWIS F. COLLINS, JR., ESQUIRE
Florida Bar No: 267422
6200 Courtney Campbell Causeway
Bayport Plaza - Suite 1100
Tampa, FL 33607-5946
(813) 281-1900
FAX (813) 281-0900
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FAX and U.S. Mail this ____ day of Junel, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

_____
Lewis F. Collins, Jr.

5