UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEBORAH KIRBY,

    Plaintiff,

vs.                                      CASE NO. 00-CV-6100 UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), by and through its undersigned counsel, and hereby files this its Memorandum of Law in Support of Motion for Leave to Amend Answer and Affirmative Defenses pursuant to Rule 15, Federal Rules of Civil Procedure, and in support of this Motion states:

### BACKGROUND:

This case involves claims by Plaintiff, DEBORAH KIRBY, that STATE FARM committed statutory bad faith under section 624.155, Florida Statutes in the handling of Plaintiff's uninsured motorist insurance claim and, further, that STATE FARM violated Florida's Unfair and Deceptive Trade Practices Act, section 501.201 et seq., Florida Statutes. Plaintiff's Second Amended Complaint was deemed filed by this Court by Order dated April 13, 2000. In response, STATE FARM served its Answer and Affirmative Defenses on April 25, 2000. STATE FARM seeks to amend its Answer and Affirmative Defenses to add the affirmative defense of "Advice of Counsel."

**DISCUSSION:**

Rule 15, Federal Rules of Civil Procedure governs the amendment of pleadings and states that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). As a result, "timely motions for leave to amend are held to a very liberal standard . . . ." *Senger Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999).

Denial of a request for leave to amend must be based upon substantial justifying reasons. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990). The Supreme Court has stated that the court may consider such factors in their decision as undue delay, bad faith or dilatory motive, undue prejudice to the nonmoving party, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)  None of the foregoing justifying reasons exist in the instant case.

This Court's scheduling order set the cutoff date for amending pleadings as June 23, 2000. This Motion for Leave to Amend is being served on the cutoff date and is, therefore, timely. Timely motions invoke the liberality of Rule 15(a). *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir. 2000). Furthermore, this Motion is made less than two months after STATE FARM served its Answer and Affirmative Defenses. There has been no undue delay in presenting this amendment.

The amendment will not prejudice Plaintiff. The basis of Plaintiff's allegations arise from the decisions made by STATE FARM in accepting or denying her insurance claim. Those STATE FARM decisions resulted from advice of trial counsel. In other words, the primary issue of whether denial of Plaintiff's claim was made in bad faith will rest upon the very same facts as STATE FARM's advice of counsel affirmative defense. These facts are

known or available to both sides as the underlying claim has already been litigated and discovery is ongoing. Addition of claims based upon known or available facts do not prejudice a nonmoving party. See *Popp Telcom*, 210 F.3d at 943.

A similar situation arose in the Eighth Circuit where the Court was faced with review of a case where the motion for leave to amend was filed timely and the amendments were based upon the same set of facts as those claims already a part of the case. See *Popp Talcom*, 210 F.3d at 944. In that case, the Court reversed the district court decision to deny amendment of the pleading. See *id*.

The amendment will not add to discovery or delay trial. Again, the amendment does not add additional facts to this case, so no discovery not already contemplated will be required. Also, there has been limited written discovery propounded in this matter, and no party has taken a deposition in relation to this case. Because the discovery cutoff date is October 20, 2000, or four months away, Plaintiff has full opportunity to conduct discovery regarding the facts upon which both Plaintiff's claims and STATE FARM's defenses are based. Therefore, trial will not be delayed.

Finally, the addition of the advice of counsel affirmative defense will not be futile. Florida recognizes such an affirmative defense. See *Herbeck v. Holderman*, 163 So. 2d 766 (Fla. 2d DCA 1964). Bad faith in claims handling necessarily means STATE FARM knew that Plaintiff was entitled to benefits but, nevertheless, denied payment. However, if STATE FARM had a good faith belief, based upon the learned advice of counsel, that Plaintiff was not entitled to benefits, then Plaintiff's claim must fail. When considering leave to amend, the likelihood of success of a claim is not a factor unless the claim is clearly frivolous. See *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690,

695 (8 th Cir. 1981). Based upon the foregoing, the advice of counsel affirmative defense in this matter is clearly **not** frivolous.

## CONCLUSION:

Rule 15, Federal Rules of Civil Procedure establish a liberal standard for granting leave to amend pleadings. This is especially so when, as is the case here, the Motion for Leave to Amend is made timely. However, the court may deny such a motion when there is substantial justifying reason to do so. In the instant case, no justifying reason exists. Thus, this Court should grant STATE FARM's Motion for Leave to Amend.

WHEREFORE Defendant, STATE FARM, moves this Court for an Order granting STATE FARM's Motion for Leave to Amend.

Respectfully submitted,

BUTLER, BURNETTE & PAPPAS

_____
LEWIS F. COLLINS, JR., ESQUIRE
Florida Bar No. 267422
Bayport Plaza - Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-1458
813/281-1900
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FAX and U.S. Mail this 23RD day of June, 2000 to:

Walter G. Campbell, Jr., Esquire
Suite 100
700 Southeast Third Avenue
Ft. Lauderdale, Florida 33316

Lewis F. Collins, Jr.