UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED ___X___ D.C

00 JUL -7 AM 10: 03

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

DEBORAH KIRBY,

    Plaintiff,

vs.                            Case No. 00-CV-6100UUB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## MOTION TO CONTINUE TRIAL DATE

COMES NOW, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), by and through its undersigned attorneys, and moves the Court to continue the trial of this matter currently set for the two-week period commencing January 29, 2001, and as grounds therefore would state as follows:

1. On April 24, 2000, the parties agreed to and submitted to the Court a Joint Scheduling Report proposing that the trial of this matter begin on or after August 1, 2001, with a discovery cutoff date of June 1, 2001. (See Joint Scheduling Report attached hereto as Exhibit "A").

2. The Plaintiff specifically agreed to the proposed date for the trial set forth in the Joint Scheduling Report. (See Exhibit "A").

3. As indicated in the Joint Scheduling Report, this case presents several complex issues and the parties estimate that the trial of this matter will take approximately five to seven days.



4. On May 17, 2000, the Court issued a Scheduling Order for Pre-Trial Conference and Trial ("Scheduling Order"). See Scheduling Order for Pre-Trial Conference and Trial attached hereto as Exhibit "B".

5. The Court's Scheduling Order sets this matter for trial during the two-week period commencing January 29, 2001. Furthermore, the Court's Order requires that all discovery be completed by October 20, 2000.

6. Count I of Plaintiff's Second Amended Complaint is a claim for statutory bad faith under Florida Statute §624.155 and alleges that State Farm has established a "pattern of not settling cases and hiring doctors who consistently hold that Plaintiffs are not injured and show no signs of permanency." Furthermore, Plaintiff's Second Amended Complaint alleges that State Farm has engaged in "a pattern of intimidating Plaintiff's as part of a national campaign to influence jurors in civil action suits". Count II is a claim for $20,000,000.00 in punitive damages. Count III alleges a violation of Florida's Unfair and Deceptive Trade Practices Act.

7. The time frame set by the Court with respect to discovery does not allow a suuficient amount of time in which to conduct adequate discovery in light of the complexity of the issues presented. (See Affidavit of Lewis F. Collins, Jr. attached hereto as Exhibit "C").

8. Furthermore, defense counsel has a scheduling conflict with respect to the trial date set forth in the Court's Scheduling Order. (See Affidavit of Lewis F. Collins, Jr. attached hereto as Exhibit "C").

9. Defense counsel contacted Plaintiff's counsel and he refused to agree to this motion.

WHEREFORE, the Defendant, STATE FARM, respectfully requests that this Court continue the trial of this matter until a date on or after August 1, 2001.

Dated on this ___29___ day of June, 2000.

>Respectfully submitted,
>
>BUTLER BURNETTE PAPPAS
>
>_____
>Lewis F. Collins, Jr., Esquire
>Florida Bar No. 267422
>6200 Courtney Campbell Causeway
>Bayport Plaza - Suite 1100
>Tampa, Florida 33607-5946
>(813) 281-1900 (Telephone)
>(813) 281-0900 (Facsimile)
>Counsel for Defendant, SFMAIC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Walter G. Campbell, Jr., Esquire, Suite 100, 700 Southeast Third Avenue Ft. Lauderdale, Florida 33316 on this 29 day of June, 2000.

_____
Lewis F. Collins, Jr., Esquire